USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8 | 3 | 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVAN HAMILTON,

                                    Plaintiff,

          -against-

THE CITY OF PEEKSKILL POLICE
DEPARTMENT, POLICE OFFICER MICHAEL
AGOVINO, and POLICE OFFICER DANIEL
LABODIN,

                                    Defendants.

No. 13-cv-8138 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

          Before the Court is a motion for summary judgment filed by Defendants City of Peekskill

Police Department, Police Officer Michael Agovino, and Police Officer Daniel Labodin pursuant

to Rule 56 of the Federal Rules of Civil Procedure.  The Amended Complaint alleges an

excessive force claim under 42 U.S.C. § 1983 and a claim for battery under New York common

law.  For the following reasons, the motion is DENIED.

## FACTUAL BACKGROUND

          The facts are not in dispute except where noted.  On August 15, 2012 at approximately

8:00 p.m., Plaintiff Levan Hamilton was walking along Park Street in Peekskill, NY.  (See Defs.'

R. 56.1 Stmt. Ex. J at 17, ECF No. 22-10.)  At the same time, two police officers, Defendants

Michael Agovino and Daniel Labodin (collectively, "Individual Defendants"), were dispatched

to a Walgreens drug store to investigate a theft.  (Defs.' R. 56.1 Stmt. ¶ 19, ECF No. 22.)  When

responding to the call, Agovino observed Hamilton in the vicinity of the drug store.  (Id.)  After

an investigation, Agovino attempted to arrest Hamilton.  It is undisputed that Agovino used a

taser on Hamilton, causing Hamilton to fall forward onto the ground.  (Id. ¶¶ 20–21.)  Hamilton

testified that immediately thereafter, while he was on the ground, he was kicked in the head, rendering him unconscious.  (*Id.* ¶ 22; *id.* Ex. L at 25, ECF No. 22-12 [hereinafter "Pl.'s Dep."].) Hamilton was unable to identify which officer kicked him because he was face down on the ground, looked to his right, and all he saw before losing consciousness was the boot of an unidentified officer coming toward his face.  (Defs.' R. 56.1 Stmt. ¶¶ 22–26; Pl.'s Dep. at 23.) Vicki Sharrock-Garnett, a long-time acquaintance of the Plaintiff, witnessed the event and testified that she saw two officers repeatedly kicking Plaintiff "viciously as with hatred."[1]  (Pl.'s Mem. Law Opp'n Summ. J. Ex. 2, ECF No. 20-2.)  Agovino and Labodin concede that they were at the scene during the arrest, but both testified that no one kicked Hamilton after he was tasered. (Defs.' R. 56.1 Stmt. ¶¶ 27–29.)  Hamilton was then transported to the hospital.  (*Id.* ¶ 30.)  He had suffered fractures to his face and nose.  (Pl.'s Mem. Ex. 1c.)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine dispute or issue of material fact by pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," *id.* 56(c)(1)(A), "which it

---

[1] Sharrock-Garnett stated that she did not realize that the person being kicked was Hamilton when she witnessed the incident.  (Pl.'s Mem. Law Opp'n Summ. J. Ex. 2.)  Rather, she testified that she came to believe that the man she saw was Mr. Hamilton when her husband told her that he saw Hamilton at the hospital that evening.  (*Id.*)  Either way, Sharrock-Garnett testified to the specific date, time, and location of the event (*id.*), which is consistent with specific date, time, and location of Plaintiff's arrest.  Furthermore, Hamilton testified that a woman named "Vicky" witnessed the incident.  (Defs.' R. 56.1 Stmt., Ex. L at 23.) Accordingly, there is sufficient evidence in the record from which a reasonable jury could conclude that the person whom Sharrock-Garnett saw being kicked was, in fact, Plaintiff.

believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

Once the moving party has fulfilled its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine dispute of material fact.  *Id.* 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013); *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).  Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor."  *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)).  In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249; *see also Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) ("The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact."), nor is it to determine a witness's credibility, *Anderson*, 477 U.S. at 249.  Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial."  *Id.* at 250.

In addition to the requirements of Rule 56 of the Federal Rules of Civil Procedure, parties must comply with Local Rule 56.1.  This rule requires the moving party to submit a statement in

numbered paragraphs "of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Rule 56.1(a).  The nonmoving party must submit a correspondingly numbered response to each paragraph and failure to do so is construed as an admission that the fact is undisputed.  Local Rule 56.1(b)–(c).  "If a nonmoving party fails to comply with local rules governing summary judgment, a district court may rely on a moving party's statement of undisputed facts as long as those facts are supported by the record." *Manolis v. Brecher*, 588 F. App'x 85, 87 (2d Cir. 2015) (summary order); *see also Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015)  (summary order) (holding that a district court has discretion to deem all facts in a moving party's Rule 56.1 statement of facts admitted where the nonmoving party fails to respond in accordance with the rule).

Here, Plaintiff has not filed an opposition statement under Local Rule 56.1(b) responding to Defendants' Rule 56.1 Statement of Facts.  Defendants have asked the Court to deem all statements in their 56.1 statement admitted because of Plaintiff's failure to do so and argue that if the Court admits those statements, it must grant the instant motion.  However, this is not the case.  Even if the Court were to deem admitted all statements in Defendants' Rule 56.1 Statement of Facts, it would not change the analysis.  Defendants' 56.1 Statement of Facts, for example, does *not* assert that Plaintiff *was not kicked as a matter of undisputed fact*; it instead asserts that Individual Defendants *testified* that Plaintiff was not kicked.  Deeming this assertion as admitted does not require accepting Individual Defendants' version of events; it only requires accepting the fact that they testified to a certain version of events, which does not obviate the issue of fact.

**DISCUSSION**

**I.      Section 1983 Claim**

   *A.      Legal Standard*

To prevail on a § 1983 claim, a plaintiff must show that the defendant, acting "under color of any statute . . . of any State . . . subject[ed] . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983; *see also Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).  These claims are "governed by the general rule that summary judgment may be granted only if no issues of material fact exist and the defendant[] is entitled to judgment as a matter of law."  *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986).

It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite for an award of damages."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation and internal quotation marks omitted).  To defeat a motion for summary judgment, a plaintiff "need raise only a triable issue of fact as to whether [an officer] had any 'personal involvement' in the alleged violation of [a plaintiff]'s constitutional rights.  *Djangmah v. Falcione*, No. 08-cv-4027, 2013 U.S. Dist. LEXIS 13597, at *24 (S.D.N.Y. Jan. 18, 2013).  "A police officer is personally involved in the use of excessive force if he [or she] either: (1) directly participates in an assault; or (2) was present during the assault, yet failed to intercede on behalf of the victim even though he [or she] had a reasonable opportunity to do so."  *Russo v. DiMilia*, 894 F. Supp. 2d 391, 414 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997).  "Of course, where the officer is a direct participant in the allegedly excessive use of force, the failure to intervene theory of liability is inapplicable."  *Cuellar v. Love*, No. 11-cv-3632, 2014 U.S. Dist. LEXIS 51622, at *23 (S.D.N.Y. Apr. 11, 2014).

5

### B.    *Defendants Are Not Entitled to Summary Judgment on the Merits*

Defendants argue that because Plaintiff cannot identify the particular officer who kicked him, he has not established that either officer was "personally involved." Although Plaintiff concedes that he cannot identify which officer kicked him, rendering him unconscious, this omission is not fatal. Sharrock-Garnett's affidavit, which Plaintiff has submitted with his opposition papers on the instant motion, states that Sharrock-Garnett saw two officers kicking Plaintiff "viciously as with hatred" while he "appeared lifeless or unconscious." Though she was unable to identify the officers, a reasonable jury could infer that Agovino and Labodin both perpetrated the attack because they conceded that they were the officers on the scene.[2] Because there is evidence from which a reasonable jury could conclude that both Individual Defendants directly participated in the alleged excessive force, the Plaintiff's failure to identify which officer kicked him first is immaterial. The Court also need not evaluate Individual Defendants' liability under the failure to intervene theory. Accordingly, summary judgment should be denied with respect to the § 1983 claim.

### C.    *Plaintiff's Eyewitness Affidavit is Admissible*

Defendant argues that Sharrock-Garnett's affidavit should be precluded pursuant to Rule 37(c) of the Federal Rules of Civil Procedure because her identity was disclosed only after the close of discovery, allegedly in violation of Rules 26(a) and (e) of the Federal Rules of Civil Procedure. The Court finds preclusion unwarranted and has considered the affidavit in evaluating the instant motion.

---

[2] Defendants argue that Hamilton's and Sharrock-Garnett's accounts are irreconcilable, but any seeming inconsistencies unravel under scrutiny. Hamilton testified that he was kicked once and then lost consciousness. Sharrock-Garnett testified that she saw him kicked multiple times. Of course, if Plaintiff was rendered unconscious by the first kick, no reasonable jury would expect him to remember the subsequent kicks to which Sharrock-Garnett testified.

1.    <u>Legal Standard for Precluding Testimony from a Witness Disclosed After the Close of Discovery</u>

Parties must disclose, among other things, "the name . . . of each individual likely to have discoverable information . . . along with the subjects of that information."  Fed. R. Civ. P. 26(a)(1)(A)(i).  The parties must also supplement this initial disclosure "in a timely manner" when "a party learns that in some material respect the disclosure . . . is incomplete" and the other does not know of the additional information. Fed. R. Civ. P. 26(e)(1)(A).  Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions for failing to comply with discovery obligations. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless that failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  Despite this apparently self-executing penal language, in this District, "[t]he imposition of sanctions under Rule 37(c) for failure to comply with disclosure obligations is discretionary, and preclusion will be ordered only in rare cases."  *E.g.*, *Church Ins. Co. v. Trippe Mfg. Co.*, No. 04-cv-6111, 2005 U.S. Dist. LEXIS 33363, at *21 (S.D.N.Y. Dec. 19, 2005) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of this [preclusion] sanction, the court . . . may impose other appropriate sanctions.").

Courts consider four factors to determine whether failing to comply with discovery obligations justifies precluding testimony:

> (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns.*, 118 F.3d 955, 961 (2d Cir. 1997); *accord Schiller v. City of New York*, No. 04-cv-7922, 2008 U.S. Dist. LEXIS 79620, at *13 (S.D.N.Y. Oct. 9, 2008).  In applying the *Softel* factors to the instant case, a court should be mindful that "the

7

refusal to allow the plaintiff's eyewitnesses to testify" is "an extreme sanction in any case," *Outley v. New York*, 837 F.2d 587 (2d Cir. 1988), and that a court "must consider less drastic responses," *id.* at 591.

### 2.    Preclusion is Not Justified

The first factor is why the party failed to disclose the evidence.  In evaluating whether a district court properly exercised discretion to exclude testimony proffered by a witness identified after the close of discovery, appellate courts have weighed this factor most heavily.  *See Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (finding the district court's preclusion of testimony was not an abuse of discretion where plaintiff's counsel had no excuse for delay, even though the evidence was critical to proving plaintiff's claim); *see also Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000).  Hamilton first identified Sharrock-Garnett as an eyewitness in his deposition, stating that an acquaintance who he knew only by her first name "Vicky" had seen the incident.  (Defs.' R. 56.1 Stmt., Ex. L at 23.)  Plaintiff's counsel asked Hamilton to supplement his testimony with "Vicky's" surname and address if he obtained that information.  Hamilton, however, did not follow up, likely in violation of his discovery obligations, and has provided no excuse for his failure to do so.  But Defendants are not blameless, either.  Considering how critical eyewitness testimony can be, it defies credulity that Defendants would rely on a verbal request buried in a deposition transcript rather than serve a formal, written discovery request.  Defendants do not suggest that they even tried to follow up on the issue before the close of discovery 20 days later on October 27, 2014.  Moreover, at the December 17, 2014 premotion conference concerning the instant motion, Plaintiff disclosed that they intended to oppose Defendants' motion relying on additional facts from a witness named "Vicky."  Therefore, it is unclear that Plaintiff even violated Rule 26.  *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 571 (E.D.N.Y. 2013) *aff'd in part, dismissed in part*, 594 F. App'x

723 (2d Cir. 2014) ("[T]o satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." (alteration in original)).  Defendants at the conference responded that they wanted a deposition.  The Court indicated that if Defendants wanted to reopen discovery to depose the witness, they would need to submit a formal application.  Defendants never did so.  Accordingly, Defendants had every opportunity to seek to depose Sharrock-Garnett, but instead moved for summary judgment without knowing what Sharrock-Garnett's testimony might be and now seek to preclude the testimony because it creates an issue of fact.  This factor is neutral at best.

The second factor is the importance of the evidence to the plaintiff.  Sharrock-Garnett's proffered testimony is highly relevant to the merits of this action.  It corroborates Plaintiff's testimony and moots the issue of Plaintiff's inability to identify his assailant.  Without her testimony, the Court would need to address the issue of whether Plaintiff can proceed on a failure to intervene theory, which is uncertain.  Thus, Hamilton would suffer extreme prejudice if Sharrock-Garnett's testimony were excluded.  This factor weighs strongly against preclusion.

The third factor is the prejudice suffered by the defendants that would result from admitting the new testimony.  Defendants were first put on notice of the existence of an eyewitness named "Vicky" on October 17, 2014, the date of Plaintiff's deposition.  Defendants were again specifically notified that Plaintiff intended to rely on testimony of "Vicky" in opposition to their motion, but did not seek a deposition at that time.  *See Matheson v. Kitchen*, 515 F. App'x 21, 23 (2d Cir. 2013) (summary order) (holding that a district court abused its discretion in precluding eyewitness testimony where a nonmoving party was on notice about an eyewitness's existence but "made no effort to locate or contact" him).  Finally, because a trial is not imminent, lesser sanctions, such as providing Defendants with an opportunity to depose

Sharrock-Garnett at Plaintiff's expense and, if necessary, supplement their motion for summary judgment, would cure any potential prejudice suffered by Defendants. *See Orcello v. White Marine, Inc.*, 347 F. App'x 639, 641–42 (2d Cir. 2009) (summary order). This factor weighs against preclusion.

The fourth factor is the possibility of a continuance. Allowing the defendants full opportunity to examine the veracity of Sharrock-Garnett's testimony would not require much additional time. Courts weigh this factor most heavily if additional witnesses come to light on the eve of trial, which is not the case here. *See, e.g.*, *Patterson v. Balsamico*, 440 F.3d 104, 118 (2d. Cir. 2005) (affirming a district court's preclusion of testimony under Rule 37(c)(1) for failure to disclose witnesses' identities ten days before trial after four years of litigation, where the sanctioned party did not request a continuance). This factor weighs against preclusion.

On balance, this is not one of the rare cases warranting the harsh sanction of preclusion. Though Plaintiff has a weak excuse for failing to comply with Rule 26(a) and (e), Defendants also bear fault, and this factor is outweighed by all other factors, which weigh strongly against preclusion. In urging the Court to preclude Sharrock-Garnett's testimony, Defendants cite only *Glowczenski*, which is nonbinding and easily distinguishable. The *Glowczenski* court declined to consider a fact witness' affidavit in considering a summary judgment motion. 928 F. Supp. 2d at 570–71. The plaintiff argued that the witness' identity had been disclosed because the plaintiff had produced a memo written by the witness in connection with an earlier summary judgment motion. *Id.* The court agreed with the defendants that it was unreasonable to expect defendants would be aware of the witness simply by dint of the fact that one document in a "mountain of exhibits" disclosed his identity. *Id.* The court declined to consider the affidavit for this reason and because the court found that the witness' testimony reflected facts not within the witness'

personal knowledge as well as hearsay. *Id.* Here, by contrast, Plaintiff testified that "Vicky" was an eyewitness—her identity was not buried in a mountain of documents. Furthermore, Plaintiff at the premotion conference before the Court again disclosed his intention to rely on her testimony. Finally, the Sharrock-Garnett affidavit reflects facts within the witness' personal knowledge, and does not rely on hearsay, in contrast to the witness' affidavit in *Glowczenski*. Accordingly, *Glowczenski* is distinguishable.[3]

Accordingly, the Court may consider Sharrock-Garnett's affidavit and, as noted above, finds that a question of fact remains as to the § 1983 claim. Plaintiff is ordered to produce Vicki Sharrock-Garnett for a deposition within 30 days of the date of this Order, and if Defendants seeks to move for summary judgment on the basis of her testimony, Defendants shall submit a premotion letter within 14 days of her deposition.

## II.  State-Law Battery Claim

"To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, i.e., wrongful under all of the circumstances, and intent to make the contact without the plaintiff's consent." *Higgins v. Hamilton*, 794 N.Y.S.2d 421, 422 (App. Div. 2005); *accord Cunningham v. United States*, 472 F. Supp. 2d 366, 383 (S.D.N.Y. 2007) (holding that a plaintiff is entitled to recover damages for common law battery by police "if the force used . . . was more than necessary under all the circumstances"). The sole basis for Defendants' motion with respect to the battery claim is Plaintiff's inability to identify which of the Individual

---

[3] Defendants cite *Glowczenski* for a different holding that is even further afield. They explain that the court declined to consider an expert's slide presentation because the author was never disclosed as a potential witness except in opposition to the summary judgment motion. 928 F. Supp. 2d at 575. Not so here. As explained above, Defendants are at least partly at fault for failing to depose Sharrock-Garnett, as her existence and her status as an eyewitness was first disclosed in Plaintiff's deposition, and then again in the premotion conference for the instant motion.

Defendants kicked him. As explained above, Sharrock-Garnett's affidavit obviates this argument. Accordingly, summary judgment as to this claim is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. The parties are directed to appear for an in-person pretrial conference on September 24, 2015 at 10:45 a.m./p.m. Plaintiff is ordered to produce Vicki Sharrock-Garnett for a deposition within 30 days of the date of this Order, and if Defendants elect to move for summary judgment on the basis of her testimony, Defendants shall submit a premotion letter within 14 days of her deposition setting forth the basis for the motion in accordance with the undersigned's individual rules and requesting that the Court convert the scheduled pretrial conference into a premotion conference. The Court respectfully directs the Clerk to terminate the motion at ECF No. 17.

Dated:  August 3, 2015
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge